

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2006

# Nour v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nour v. Atty Gen USA" (2006). *2006 Decisions*. Paper 15.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/15

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4635
_____

REDA ELSAYED NOUR,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A74 988 980)
Immigration Judge: Donald Vincent Ferlise
_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2006

Before:  FISHER and CHAGARES, *Circuit Judges,*
and BUCKWALTER,* *District Judge*.

(Filed: December 28, 2006)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Reda Elsayed Nour appeals from a decision of the Board of Immigration Appeals ("BIA") denying his motion to remand and affirming the decision of the Immigration Judge ("IJ"). For the reasons set forth below, we will affirm.

I.

Nour is a native and citizen of Egypt who entered the United States on a B-1 visitor's visa in 1988. Nour entered removal proceedings for overstaying his visa and for misrepresenting a material fact for purposes of obtaining an immigration benefit. In a thorough opinion, the IJ found that he had overstayed his visa and that he had lied on his I-485 adjustment of status application when he represented that he had never been arrested and that he had no prior marriages or children. In fact, Nour had been arrested twice for drug-related felonies and had an ex-wife and two children in Egypt. The IJ found that Nour's testimony lacked credibility, specifically his explanation that his wife had filled out the I-485, that he did not understand the difference between arrests and convictions, and that he thought the question about children did not include children born overseas.

Based on the finding that Nour had overstayed his visa and the finding that Nour sought to procure adjustment of status through fraud, the IJ ordered Nour removed to Egypt. He also denied Nour's request for voluntary departure, finding that Nour had "obviously" lied to the court under oath and "lacks good moral character for his false

2

testimony under oath." The lack of good moral character made Nour statutorily ineligible for voluntary departure.

Nour filed a notice of appeal with the BIA, specifying five errors by the IJ. Although he indicated on his notice of appeal that he planned to file a brief, he did not do so, filing instead a motion to remand to the IJ, indicating that the Department of Homeland Security ("DHS") had scheduled an interview with him to adjudicate an I-130 immediate relative petition. The DHS responded in opposition to the motion to remand, arguing that because adjustment of status was discretionary and because the IJ had previously found that Nour lacked good moral character, his status would not be adjusted. The BIA concurred and denied Nour's motion to remand and summarily affirmed the IJ's decision finding Nour removable. Nour timely filed this appeal.[1]

## II.

Before we can address the substance of Nour's appeal, we must satisfy ourselves that we have jurisdiction. Pursuant to 8 U.S.C. § 1252(d)(1), we may only review a final order of removal if an alien has exhausted all administrative remedies. Failure to exhaust administrative remedies is a jurisdictional bar to review. *Duvall v. Elwood*, 336 F.3d 228, 232 (3d Cir. 2003). In its brief, the government argues that we lack jurisdiction over Nour's appeal because he failed to exhaust administrative remedies when he did not file a brief in support of his appeal to the BIA. However, we have explicitly held that the

---

[1]The government responded to Nour's appeal with a motion for summary affirmance. That motion has been dealt with in a separate order.

3

failure to file a brief with the BIA does not foreclose our review. *Bhiski v. Ashcroft*, 373 F.3d 363, 368-69 (3d Cir. 2004). So long as the notice of appeal is "sufficient to make the BIA aware of precisely what issues [are] being appealed," we may exercise jurisdiction over an alien's appeal. *Id.* at 368. Nour's notice of appeal claimed four separate errors regarding the sufficiency of the evidence and one regarding a credibility determination. Each claim included a detailed description of a particular piece of evidence that supported Nour's position. These specific reasons were sufficient to apprise the BIA of the particularized bases for Nour's appeal and provide us with jurisdiction. *Id.*[2]

We also have jurisdiction over Nour's appeal from the BIA's dismissal of his motion to remand. The denial of a motion to remand is a final order and is, therefore, reviewable. *See Sevoian v. Ashcroft*, 290 F.3d 166, 169 (3d Cir. 2002) (finding a motion to reopen reviewable as a final order of deportation).[3]

---

[2]The BIA itself seems to agree that Nour sufficiently specified his grounds for appeal. In its brief opinion denying Nour's motion to remand, the BIA stated "We further affirm the Immigration Judge's decision rendered on December 22, 2003," indicating not a dismissal, but an acceptance of the appeal and an affirmation.

[3]As they are "functionally equivalent," we treat motions to remand and motions to reopen the same for purposes of jurisdiction and standard of review. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005).

III.

Nour's claim that the IJ erred when he found that Nour was removable for making misrepresentations on an adjustment of status application is without merit. We review an IJ's findings of fact for substantial evidence, asking whether such determinations are supported "'by evidence that a reasonable mind would find adequate.'" *Shah v. Attorney General*, 446 F.3d 429, 434 (3d Cir. 2006) (quoting *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc)).[4] We will reverse only where the evidence compels a conclusion to the contrary. *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001). The evidence presented to the IJ was sufficient to support his finding that Nour made material misrepresentations on his adjustment of status form. The IJ determined that Nour had signed the form, indicating that he knew the contents of the application, which were clearly not true. Further, the IJ credited the testimony of the government's witness who testified that, as was his habit, he would have asked Nour about his prior criminal history and his family history. The evidence in the record provides substantial support for the IJ's determination that Nour was aware of the meaning of the I-485 questions and answered them falsely. We will not disturb that determination.

Nour's claim that there was insufficient evidence on which the IJ could make a credibility determination is equally meritless. We review adverse credibility

---

[4]Where, as here, the BIA summarily affirms the IJ, the IJ's decision effectively becomes that of the BIA and we review the IJ's decision. *Fiadjoe v. Attorney General*, 411 F.3d 135, 152 (3d Cir. 2005).

determinations under a substantial evidence standard, overturning such a determination only where "'any reasonable adjudicator would be compelled to conclude the contrary.'" *Gabuniya v. Attorney General*, 463 F.3d 316, 321 (3d Cir. 2006) (quoting *Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004)). In making an adverse credibility determination, the IJ must provide "specific, cogent reasons" why the applicant is not credible. *Id.* (citing *Gao v. Ashcroft*, 299 F.3d 266, 275-76 (3d Cir. 2002)). The IJ found that Nour lacked credibility based on numerous inconsistencies in Nour's testimony regarding the filling out of the I-485 and the blatant changing of his testimony mid-hearing. Further, the IJ found that it was impossible to believe that Nour, with the help of his American-born wife, did not understand the meaning of the questions included on the I-485. A review of the record shows that the IJ's credibility determination included "specific, cogent reasons," and was supported by substantial evidence.

Even if the IJ's determinations regarding Nour's misrepresentations on his change of status application were not supported by substantial evidence, he found Nour deportable on the alternative ground that he had overstayed his visa. As Nour does not challenge that determination, the IJ's finding is dispositive and Nour is properly removable.

6

IV.

We likewise reject Nour's remaining argument that the BIA improperly denied his motion for remand.[5] We review the denial of a motion to remand for abuse of discretion. *McAllister v. Attorney General*, 444 F.3d 178, 185 (3d Cir. 2006); *Korytnyuk v. Ashcroft*, 396 F.3d 272, 283 (3d Cir. 2005). The Supreme Court has identified three principle grounds on which the BIA may deny a motion to reopen or remand: (1) where a movant has failed to establish a prima facie case for the relief sought, (2) where a movant has failed to introduce previously unavailable, material evidence, or (3) in a case of discretionary relief, such as adjustment of status, where the BIA can make its own determination that a movant would not be entitled to the discretionary relief. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). The BIA properly denied Nour's motion on the third grounds for denial of a remand. When reviewing the BIA's determination that the movant would not be entitled to discretionary relief, we first consider whether there is substantial evidence to support the factual findings underlying the determination and then determine whether the ultimate denial was an abuse of discretion. In its opinion, the BIA found that Nour would not qualify for adjustment of status because he had already been found morally unfit for such discretionary relief by the IJ. As indicated previously in this opinion, the IJ's determination that Nour was lying during the hearing was supported by

_____

[5]Nour's final contention, that the IJ violated his due process rights by failing to conduct a full and fair hearing, is frivolous. It is clear that the IJ provided Nour with a full opportunity to present evidence and a fair hearing.

7

substantial evidence.  Because of this determination, Nour has failed to show that he would be worthy of a favorable exercise of discretion, and the BIA did not abuse its discretion in denying his motion.

For the reasons set forth above, we will affirm the decision of the BIA.